■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NOEL COOPER, Appellant.—Appeals by the defendant from: (1) two judgments of the Supreme Court, Queens County (Balbach, J.), both rendered October 2, 1980, convicting him of

murder in the second degree under indictment No. 232/80 and attempted robbery in the first degree under indictment No. 60/80 respectively, upon his pleas of guilty, and imposing sentences, and (2) an order of the same court, dated February 14, 1985, denying his motion pursuant to CPL 440.10 to vacate the judgments.

Order dated February 14, 1985, affirmed for the reasons stated by Justice Balbach at Criminal Term.

Judgments rendered October 2, 1980, affirmed.

The defendant claims that his counsel at the plea allocution and sentence hearing was ineffective in failing to put on the record the commitment to a less than maximum length sentence made by the prosecutor and in misrepresenting to the defendant that he would receive concurrent terms of 7½ to 15 years on both the attempted robbery and murder charges. The contention that such a commitment or misrepresentation was ever made is not supported by the record of the plea allocution and sentence hearing, and the defendant's general contention that he was not afforded constitutionally adequate representation is equally unsupported (see, People v Baldi, 54 NY2d 137, 147; People v Jackson, 110 AD2d 853). Further, the defendant's attempt to develop his claim of ineffective assistance of counsel at the hearing held upon his motion pursuant to CPL 440.10 to vacate the judgments was meritless for the reasons stated in the order of Justice Balbach at Criminal Term.

Finally, we do not believe that the concurrent sentences imposed of 25 years to life on the murder conviction and 4 to 12 years on the attempted robbery conviction, were excessive, given the heinous nature of the defendant's crimes and his previous criminal record (see, People v Suitte, 90 AD2d 80). Niehoff, J. P., Rubin, Eiber and Kooper, JJ., concur.